IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FT. WORTH DIVISION

| | | |
|---|---|---|
| EMILY D. CHIARELLO, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Case No.: 4-06CV-163-BE |
| | § | |
| | § | |
| INTERNAL REVENUE SERVICE, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Pending before the court is a Motion for Summary Judgment [doc. 26] filed by the Internal Revenue Service on September 15, 2006, and a Cross-motion for Summary Judgment [doc. 27] filed by Emily D. Chiarello on October 3, 2006.

**A.    HISTORY**

The following facts are set out in the summary judgment motions and supporting affidavits: Plaintiff Emily D. Chiarello ("Chiarello") married Frank F. Chiarello, Jr. on August 2, 1958. The Chiarellos divorced on August 17, 1989, by a decree of divorce entered by the Iowa District Court of Woodbury County. Frank Chiarello is retired from the United States Armed Forces. The divorce decree incorporated a "Stipulation and Agreement" ("Agreement") between the Chiarellos that provided for a division of property, including Frank Chiarello's military pension:

> The court specifically incorporates the military retirement benefits section of the stipulation and approves the award to petitioner of 40.5% of the disposable retirement pay to which (Frank Chiarello) is entitled, pursuant to the terms of the United Services Former Spouse Protection Act.

The incorporated portions of the agreement referred to by the court also stipulate that Frank Chiarello's entitlement to his military pension was a divisible property right:

> The parties agree that this retirement entitlement is property as contemplated by the Iowa Code, and that it should be divided pursuant to the parties' agreement.

Pursuant to the provisions of the decree, Chiarello received $8,155 in 2000 and $8,517 in 2001 from the Defense Finance and Accounting Service, which constituted her share of her ex-husband's military pension. Chiarello's accountant—who prepared her 2000 and 2001 Federal income tax returns—reported both military pension distributions as taxable income for those years. Chiarello prepared and filed her 2002 tax return without outside assistance, which is when she claims she discovered an IRS Publication that indicates the property settlements—namely Frank Chiarello's military pension—are not taxable to her because they were obtained incident to a divorce. On August 21, 2003, Chiarello filed two claims with the IRS seeking return of the tax she paid on the distributions she received in 2000 and 2001. The IRS denied those claims on March 1, 2004. Chiarello appealed that denial to IRS Appeals, but it sustained the refund denial. Chiarello then filed this refund suit on February 28, 2006.

### B.    STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Libby Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202

(1986). The Court views all the evidence and inferences in the light most favorable to the nonmovant. *Hibernia Nat'l Bank v. Carner*, 997 F.2d 94, 97 (5th Cir. 1993).

The movant bears the initial burden of showing that no genuine issue of material fact exists, but once the movant makes such a showing, the burden shifts to the nonmovant to produce competent summary judgment evidence of the existence of a genuine issue of material fact. *Anderson*, 477 U.S. at 256–57, 106 S.Ct. at 2514, 91 L.Ed.2d 202. An issue is genuine if there is sufficient evidence for a reasonable jury to return a verdict in favor of the nonmovant. *Id.* at 248, 106 S.Ct. at 2514. A fact is material if its resolution would affect the outcome of the suit under the governing law. *Id.*

**C.   DISCUSSION**

Under section 61 of the Internal Revenue Code, gross income is defined as follows:

SEC. 61.       GROSS INCOME DEFINED.
(a) General Definition.– Except as otherwise provided... gross income means all income from whatever source derived, including (but not limited to) the following items:
...
(11) Pensions.

26 U.S.C. § 61(a)(11). Chiarello argues that her former husband's military retirement pay is an entitlement benefit that does not qualify as a pension under section 61(a)(11), and therefore, it should not be included in her gross income. *See* BLACK'S LAW DICTIONARY (8th ed. 2004)(defining an entitlement as an absolute right to a benefit, usually monetary, such as social security). Federal courts, however, follow the general rule that military retirement pay qualifies as a pension for purposes of section 61(a)(11). *See, e.g.*, *Weir v. Comm'r*, 82 T.C.M. 281, 283 (2001)(former husband's military retirement pay treated as a pension under section 61(a)(11)); *Eatinger v.*

3

*Comm'r*, 59 T.C.M. (CCH) 954, 957 (1990)(stating that a military retirement pension, like other pensions, is simply a right to receive a future income stream from the retiree's employer); Treas. Reg. § 1.61-11, 26 C.F.R. § 1.61-11 (noting that pensions and retirement allowances paid by the government or by private persons constitute gross income unless excluded by law). Furthermore, military pensions are considered gross income to the party who owns the right to those payments pursuant to the division of property in a divorce. *Weir*, 82 T.C.M. at 283; *see also Pfister v. Comm'r*, 359 F.3d 352, 355 (4th Cir. 2004). Therefore, the primary issue in this case is whether Chiarello is the legal owner of the 40.5% interest in her ex-husband's military pension that an Iowa state court awarded to her on August 17, 1989. Whether she owns her portion of the military pension requires review of both the United Services Former Spouse Protection Act ("USFSPA") and Iowa's post-USFSPA case law.          Congress passed the USFSPA in 1981 with the explicit purpose of overturning *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), which had prevented courts from awarding spouses and former spouses of military retirees an ownership interest in the retirees' military pensions. *See* S. Rep. 97-502 (stating that the purpose of the USFSPA was to remove the effect of the United States Supreme Court's decision in *McCarty*). Under the USFSPA, federal, state, and other courts may now divide military pensions when determining the property rights between the parties to a divorce, dissolution, annulment or legal separation. *Id.*; *Pfister*, 359 F.3d at 354. Specifically, the USFSPA provides in pertinent part:

> a court *may treat* disposable retired pay payable to a member for pay periods beginning after June 25, 1981, either as *property solely of the member or as property of the member and his spouse* in accordance with the law of the jurisdiction of such court. A court may not treat retired pay as property in any proceeding to divide or partition any amount of retired pay of a member as the property of the member and the member's spouse or former spouse if a final decree of divorce ... affecting the member and the member's spouse or former spouse (A) was issued before June 25, 1981, and (B) did not treat ... any amount of retired pay of the

member as property of the member and the member's spouse or former spouse.

10 U.S.C. § 1408(c)(emphasis added). The Chiarellos divorced after 1981 and Frank Chiarello began receiving his military pension payments after 1981; therefore, the terms of the USFSPA apply to the military pension at issue.[1]

Although the USFSPA applies in this case, and even though it expressly overruled *McCarty,* its text allows, but does not mandate, that state courts treat military pensions as marital property. *See Pfister v. Comm'r*, 84 T.C.M. (CCH) 172 (2002). Such a determination requires review of the post-USFSPA case law in the state that entered the divorce decree dividing the military pension, which was Iowa in the instant case.

Military pensions have received unique and inconsistent treatment under Iowa property law. *In re Marriage of Howell*, 434 N.W.2d 629, 631 (Iowa 1989). Prior to the USFSPA, Iowa did not consider military pensions as property subject to equitable division between the parties. *See In re Marriage of Schissel*, 292 N.W.2d 421, 424–26 (Iowa 1980)(summarizing Iowa's pre-USFSPA treatment of military pensions). But after Congress enacted the USFSPA, Iowa courts adopted the view that military pensions were subject to division as marital property. *Howell*, 434 N.W.2d at 632. Per the discretionary language of the USFSPA, just because a court may treat military pensions as a marital asset does not mean they have to award the non-member spouse an ownership share of the military pension. *See* 10 U.S.C. § 1408(c). Instead, such ownership interest is developed through the "adjudicatory or decretal portion of the decree." *Nichols v. Nichols*, 526 N.W.2d 346, 349 (Iowa Ct. App.1994). In other words, Iowa courts maintain the power to award an ownership interest (consistent with the USFSPA) in a military pension to a former spouse as part of a divorce decree.

In this case, the Chiarellos' Agreement—which the Iowa state district court adopted in the divorce decree—expressly awards Chiarello a 40.5% share in her ex-husband's military pension. Under Iowa state law, the decree and its incorporated Agreement has the legal effect of awarding Chiarello a 40.5% ownership share of her ex-husband's military pension. The divorce decree

---

[1] Chiarello argues that, for tax purposes, she is not the owner of 40.5% of her former husband's pension because she does not meet the criteria of having retired after at least 20 years active duty in the military. But Chiarello's argument contravenes the text of the USFSPA, which specifically states that military pensions may be treated as "property solely of the member *or* as property of the member *and* his spouse." 10 U.S.C. 1408(c)(emphasis added).

constitutes a final settlement of all property rights and interests of the parties in the property of each other. *Sieren v. Bauman*, 436 N.W.2d 43 (Iowa 1989).  Therefore, in accordance with Iowa state law, Chiarello is the legal owner of 40.5% of her former husband's military pension, and in accordance with federal tax law, she is responsible for including any payments received from the pension on her income tax statements.

Finally, Chiarello argues that any transfer of ownership interest in the military pension is a non-taxable event according to "IRS Publication 504," which in part provides administrative guidance to taxpayers on the effect of Section 1041 in the Deficit Reduction Act of 1984. IRS Publication 504 provides that: "Property you receive from your spouse (from a divorce proceeding) is treated as acquired by gift for income tax purposes. Its value is not taxable to you." DEPT. OF THE TREASURY, INTERNAL REVENUE SERVICE, PUBLICATION 504: DIVORCED OR SEPARATED INDIVIDUALS 19 (2001).  *See generally* 26 U.S.C. § 1041(b). No gain or loss is recognized on a transfer of property from an individual to a former spouse if the transfer is incident to a divorce, and the transferee succeeds to the transferor's basis in the property. *See id. See generally* 26 U.S.C. § 1041.

The guidance given by the IRS is less than clear and may even create the misleading impression that any property received incident to a divorce remains non-taxable after the transfer; however, the fact that an IRS publication is unclear or inaccurate does not help the taxpayer. *Miller v. Comm'r*, 114 T.C. 184, 194-95 (2000), *aff'd on other grounds sub. nom. Lovejoy v. Comm'r* 293 F.3d 1208 (10th Cir, 2002); *also see Carpenter v. United States*, 495 F.2d 175 (5th Cir. 1964). Taxpayers rely on IRS publications at their own risk because the administrative guidance contained in an IRS publication is not binding on the government. *See, e.g., Miller*, 114 T.C. at 195. Federal tax law is governed by statutes, regulations, and judicial decisions, but not informal IRS publications. *Id.* (citing *Zimmerman v. Comm'r*, 71 T.C.. 367, 371 (1978)).

6

Congress did not design Section 1041—which is controlling on this issue—to eliminate taxation of maritally divided property. *Blatt v. Comm'r*, 102 T.C. 77, 80 (1994). Instead, section 1041 merely serves to delay taxation until a gain is later realized outside of the marital unit. *Id.* Therefore, Chiarello is correct that the actual event of transferring 40.5% of her former husband's property rights in the pension to her was a non-taxable event, but the income payments from the military pension transfer are taxable distributions for which she is responsible to pay income taxes. *See Pfister*, 359 F.3d at 355 (similarly holding that section 1041 considers the decretal award of military pensions a non-taxable event, but not the income produced from such pensions). Requiring the legal owner of any portion of a military pension to include payments received from the pension in their gross income statement conforms with the fundamental principle of Federal tax law that income is taxable to the owner of the income-producing property. *Miles Prod. Co. v. Comm'r*, 28 T.C. M. 1387 (1969), aff'd 457 F.2d 1150 (5th Cir. 1972); *see also Helvering v. Clifford*, 309 U.S. 331, 60 S.Ct 554, 84 L.Ed. 788 (1940). Chiarello is not entitled to a refund of taxes paid on any military pension distributions received in 2000 or 2001.

Accordingly, the defendant Internal Revenue Services's Motion for Summary Judgment [doc. 26] is granted. Plaintiff's Cross-Motion for Summary Judgment [doc. 27] is denied.

SIGNED DECEMBER 20, 2006.

   /s/   Charles Bleil

CHARLES BLEIL

UNITED STATES MAGISTRATE JUDGE